IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ASSOCIATION OF COMMUNITY CANCER CENTERS, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ALEX M. AZAR II, in his official capacity as Secretary of the U.S. Department of Health and Human Services, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:20-cv-03531-CCB |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR
<u>A TEMPORARY RESTRAINING ORDER</u>**

Plaintiffs have moved for a Temporary Restraining Order pursuant to Rule 65 of the Federal Rules of Civil Procedure. Plaintiffs allege that Defendants issued an interim final rule without notice and comment that will, as of January 1, 2021, substantially replace the existing reimbursement system for many Medicare Part B products with one that bases reimbursement on the lowest price available in 22 other countries (the MFN Rule). The Court having duly considered Plaintiffs' Complaint, Motion, Memorandum of Law in Support, and declarations and exhibits submitted therewith, makes the following findings and conclusions:

1.      Plaintiffs are likely to succeed in showing that the MFN Rule is unlawful on several procedural and substantive grounds, including that it violates the applicable notice-and-comment requirements and exceeds Defendants' authority under the applicable statutes.

2. It appears to the Court that Plaintiffs will suffer immediate and irreparable harm in the absence of a temporary restraining order. The MFN Rule was published in the Federal Register and immediately went into effect on November 27, 2020. The Rule designates January 1, 2021, as the date on which the new reimbursement system will be implemented. Plaintiffs have demonstrated that this timeline will substantially and immediately interfere with their contracts, pricing, and business plans. And despite being asked to do so, Defendants have refused to stay implementation of the Rule. Furthermore, implementation will cost Plaintiffs and the rest of the industry billions of dollars and lost jobs while simultaneously restricting access to care and medications for patients.

3. It also appears to the Court that the balance of equities and the public interest favor the issuance of a temporary restraining order. Such relief will prevent irreparable harm to patients, healthcare providers, and pharmaceutical manufacturers. On the other hand, Defendants will not be harmed by the short delay caused by a temporary restraining order.

4. Finally, it appears to the Court that security is not required under the circumstances of this case, and that Plaintiffs therefore need not post any bond.

## TEMPORARY RESTRAINING ORDER

IT IS THEREFORE ORDERED that pending a decision by the Court on Plaintiffs' application for a preliminary injunction, Defendants are hereby immediately, TEMPORARILY RESTRAINED from implementing, enforcing, or otherwise putting into effect the MFN Rule.

IT IS FURTHER ORDERED that a preliminary injunction hearing is set for _____ _____, at _____a.m./p.m.

3

Defendants shall file and serve any opposition to Plaintiffs' motion for a preliminary injunction on or before December_____, 2020.

Plaintiffs shall file and serve any reply in support of their motion for a preliminary injunction on or before _____.

**SIGNED AND ENTERED** this _____ day of December, 2020, at _____ _____a.m./p.m.

_____
Catherine C. Blake
United States District Judge