# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ASSOCIATION OF COMMUNITY CANCER CENTERS, *et al.*,

    *Plaintiffs*,

v.

ALEX M. AZAR II, in his official capacity as Secretary of the U.S. Department of Health and Human Services, *et al.*,

    *Defendants*.

Civil Action No. 1:20-cv-03531-CCB

**JOINT STATUS REPORT**

Pursuant to the Court's order of December 23, 2020, the parties conferred to discuss a potential briefing schedule. The parties were unable to come to an agreement and hereby submit their respective positions.

**A.  PLAINTIFFS' POSITION**

Plaintiffs' pending Motion for a Preliminary Injunction is ripe for decision by this Court without further briefing. If the Court agrees that the motion should be granted, it could do so: (1) by converting the existing temporary restraining order into a preliminary injunction, or (2) by issuing a preliminary injunction on either of the other two grounds that Plaintiffs invoked in their original motion and that both parties have briefed.

    1.    Further briefing is unnecessary because the parties have already briefed every question relevant to entry of a preliminary injunction. Plaintiffs originally moved both for a temporary restraining order (TRO) and for a preliminary injunction, and their memorandum of law in support of that motion addressed both remedies. Mem. 4, 34–35. The government similarly argued *against*

both remedies in its opposition. Opp. 6–7, 34–35. These briefs addressed all legal and factual issues relevant to issuance of a preliminary injunction, at least on the question of whether dispensing with notice-and-comment rulemaking was appropriate.

The government has also previously indicated that the preliminary injunction motion is ripe for consideration. At the hearing that this Court held on December 18, 2020, the government's counsel represented that "from the government's [perspective], the Court has everything it needs really, except for maybe plaintiff's reply brief on the preliminary injunction[,] to issue an order on both the TRO and the preliminary injunction." Tr. Hr'g 62:8–11 (Dec. 18, 2020).[1] The government reaffirmed that position when the parties conferred about the Court's December 23 order in a telephone conversation the same day. Given that "[t]he standard for a temporary restraining order is the same as a preliminary injunction," *Int'l Longshoremen's Ass'n, Local 333 v. Int'l Longshoremen's Ass'n, AFL-CIO*, No. 15-CV-813, 2015 WL 1402342, at *1 (D. Md. Mar. 25, 2015), Plaintiffs agree with the government that this Court has everything it needs to rule on Plaintiffs' motion for a preliminary injunction.

Indeed, another federal court has *already* granted a preliminary injunction, based in substantial part on this Court's ruling, against proceeding with the MFN Rule without notice-and-comment rulemaking. *See* Order Granting Motion for Preliminary Injunction, *California Life Sciences Association v. Center for Medicare and Medicaid Services*, No. 20-cv-8603 (N.D. Cal. Dec. 28, 2020) (attached as an exhibit). The California court "largely adopted" this Court's reasoning

---

[1] Plaintiffs indicated in their reply brief in support of their original motion that they reserved "a more full rebuttal on the merits for future briefing on a preliminary injunction." Reply 17. However, all the issues on which this Court rested the TRO have been fully briefed. Given the importance of a quick ruling, Plaintiffs are prepared to rest on their existing briefing.

on each relevant point, and it accordingly granted the plaintiffs' motion for a preliminary injunction "based on the government's failure to complete the notice and comment procedures required by the Administrative Procedure Act." *Id.* at 1. As the California court recognized, "the disruption and harm that would likely be caused by implementing the rule on January 1 is far greater than the harm that would result from delaying the rule *until completion of the notice and comment process*." *Id.* at 3 (emphasis added). That preliminary injunction enjoins the rule in full, agreeing with this Court that it would "be inappropriate—indeed counter to the purposes of the rule itself—to enjoin enforcement of the rule merely as to the plaintiffs in this case." *Id.* at 4.

This Court should enter a preliminary injunction as well, including to protect the Plaintiffs from the government's anticipated efforts to narrow or overturn the California court's injunction on appeal. Given the extent to which the California action relies on this Court's "thorough" analysis to support entry of a preliminary injunction, *id.* at 1, it would be incongruous for this Court's analysis potentially to be tested on appeal by other parties to a different case in a different district and circuit than the current action. Additionally, given that the current TRO extends in this case only through January 6 (*i.e.*, 14 days after the TRO entry in this case), a Ninth Circuit decision narrowing or overturning the preliminary injunction there (or even staying it) could cause the MFN Rule to go into effect as early as that date. At minimum, that state of affairs would create needless uncertainty that could cause providers to begin converting patients to less-effective alternative treatments. Converting the TRO to a preliminary injunction in this case would ameliorate that risk. It would also allow the parties to agree to a schedule for briefing the merits of this litigation with a preliminary injunction in place until those merits can be resolved.

It is not uncommon for several district courts to enter independent preliminary injunctions blocking the same administrative action. In the travel ban litigation, for instance, the Eastern District of Virginia concluded that "Plaintiffs should . . . not be denied injunctive relief based on the lack of irreparable harm" even after the Districts of Hawaii and Maryland had already entered nationwide preliminary injunctions blocking the challenged executive order. *Sarsour v. Trump*, 245 F. Supp. 3d 719, 740 (E.D. Va. 2017). The District of Maryland's preliminary injunction was entered the day after the Hawaii court issued its TRO.[2] Other examples are easy to come by.[3] And indeed, the government *itself* has previously touted the benefits of having multiple courts of appeals consider the same legal issue—a position that the Supreme Court has endorsed. *See United States v. Mendoza*, 464 U.S. 154, 160–64 (1984).

2. The government argues that the California preliminary injunction eliminates the prospect of irreparable harm and thus renders further preliminary relief in this case unnecessary. That position is mistaken for several reasons.

---

[2] *See Hawaii v. Trump*, 245 F. Supp. 3d 1227, 1239 (D. Haw. 2017), *aff'd in part, vacated in part,* 859 F.3d 741 (9th Cir. 2017) (per curiam), *vacated and remanded*, 138 S. Ct. 377 (2017); *Int'l Refugee Assistance Project*, 241 F. Supp. 3d 539, 565 (D. Md. 2017), *aff'd in part, vacated in part*, 857 F.3d 554, 605–06 (4th Cir. 2017) (en banc), *vacated and remanded*, 138 S. Ct. 353 (2017).

[3] Public Charge: *See, e.g.*, *Casa de Md., Inc. v. Trump,* 414 F.Supp.3d 760, 786–87 (D. Md. 2019) (entering nationwide preliminary injunction), *stay granted pending appeal*, No.19-222, Dkt. 21 (4th Cir. Dec. 9, 2019); *New York v. U.S. Dep't of Homeland Sec.,* 408 F. Supp. 3d 334, 352–53 (S.D.N.Y. 2019) (same); *Washington v. U.S. Dep't of Homeland Sec.*, 408 F. Supp. 3d 1191, 1223–24 (E.D. Wash. 2019) (same), *stay granted*, 944 F.3d 773 (9th Cir. 2019).

Deferred Action for Childhood Arrivals (DACA): *See, e.g.*, *Regents of Univ. of California v. United States Dep't of Homeland Sec.*, 279 F. Supp. 3d 1011 (N.D. Cal.), *aff'd*, 908 F.3d 476 (9th Cir. 2018), *rev'd in part, vacated in part sub nom. Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891 (2020); *Batalla Vidal v. Nielsen*, 279 F. Supp. 3d 401 (E.D.N.Y. 2018), *vacated and remanded sub nom. Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891 (2020).

For one thing, Plaintiffs are entitled to pursue a preliminary injunction based on their *own* record of irreparable harm, rather than having to shelter behind a preliminary injunction they have had no hand in litigating (and in whose defense they are not participating). Plaintiffs went to extraordinary lengths in a short period of time to exhaustively document the harms their own members and patients would face if the MFN Rule were permitted to go into force. Plaintiffs produced 24 detailed declarations—including from a renowned health care economist, a broad range of patient groups, providers, provider groups, and manufacturers. Plaintiffs' showing also included a letter from oncologists whose practices treat 624,000 Medicare patients. The declarations and letter discuss in detail how the MFN Rule would force providers to substitute less-effective drugs not covered by the Rule for the preferred drugs that are currently keeping patients clinically stable, unnecessarily exposing patients to grave harm and inflicting crippling losses on their practices. The California action involves a different record of irreparable harm focused largely on economic harm to manufacturers. *See California Life Sciences* Preliminary Injunction at 3. And indeed, the government opposed injunctive relief in that case on that very basis. *See* Defs.' Opp. to Pls.' Mot. for PI at 16–18, *California Life Sciences* (Dkt. 47).

The government's position that the California preliminary injunction obviates the need for further preliminary relief here rings hollow given that the government does *not* accept the propriety of that injunction—and indeed, is likely to seek to overturn or at least narrow it. Earlier today, Plaintiffs told the government that Plaintiffs would agree not to pursue further action on the preliminary injunction motion in this case if the government would commit not to appeal in the California case. The government declined to make such a commitment, suggesting that an appeal and a motion for a stay pending appeal in that case are likely. At minimum, this Court should proceed

on the understanding that the future California preliminary injunction is unsettled. The government cannot validly claim the California court's preliminary injunction eliminates the prospect of irreparable injury when the government will not commit to forgo appeal of that decision and may seek a stay pending appeal. Given the very grave harms Plaintiffs face, there is no basis for subjecting them to the vagaries of litigation in which they are not participants.

By contrast, the government would suffer *no* harm by having two independent preliminary injunctions in place simultaneously. The government would be free to attack both on appeal, based on their respective records. The government's only real interest in suspending further proceedings in this case is putting its litigation opponents at tactical disadvantage. That is not a sufficient basis to deny Plaintiffs consideration of a fully briefed request for relief.

3. In the alternative, if the Court believes that further briefing is necessary before ruling on the preliminary injunction motion, Plaintiffs are prepared to submit briefing on whatever topic and timeline the Court suggests. Given the serious harms at stake, Plaintiffs request that any such schedule be structured to ensure that the Court has sufficient time to resolve the preliminary injunction motion before the expiration of the current TRO. Consistent with that objective, Plaintiffs propose the following schedule: If the Court desires further briefing on Plaintiffs' arguments about CMS's lack of statutory authority to issue the MFN Rule or the Rule's unconstitutionality, Plaintiffs propose to submit a supplemental brief by the close of business on Thursday, December 31, 2020, with the government's supplemental reply brief due by the close of business on Wednesday, January 6, 2021. If the Court wishes to have additional briefing on Plaintiffs' arguments about why the MFN Rule was issued in violation of notice-and-comment requirements, then we propose that the government file a supplemental brief addressing the Court's memorandum

accompanying the temporary restraining order by the close of business on Monday, January 4; and that Plaintiffs file a supplemental reply brief by the close of business on Wednesday, January 6.

If the Court opts for supplementary briefing, Plaintiffs submit that good cause would exist for an extension of the initial 14-day period of the temporary restraining order. Plaintiffs believe that such an extension would be fully justified, including for the same reasons that supported the Court's initial grant of the order (and the reasons adopted by the California court in granting a preliminary injunction). In light of the serious harms at issue, extending the temporary restraining order an additional 14 days is warranted to ensure the Court has adequate time to resolve the pending preliminary injunction motion.

In addition, any necessary extension of the temporary restraining order would be due in part to the government's failure to respond to Plaintiffs' inquiry about its position on potential further briefing until December 29, 2020—the very day the parties were required to file this joint status report. Only hours after this Court issued its order on December 23, Plaintiffs reached out to the government to convey Plaintiffs' position on additional briefing and to discuss proposed approaches and timelines. Despite its purported interest in implementing the MFN Rule immediately, the government rejected Plaintiffs' request for a prompt response and did not respond to Plaintiffs' outreach with its own position until six days later, on the morning of December 29. If the government had responded more promptly, the parties would have been able to come to an agreement on an earlier briefing schedule.

B. **GOVERNMENT'S POSITION**

In light of this Court's Order and the court's order in the Northern District of California, Defendants will not implement the Most Favored Nation ("MFN") Model Interim Final Rule, 85

Fed. Reg. 76180, starting on January 1, 2021, as originally intended. The Centers for Medicare & Medicaid Services ("CMS") has updated its website to reflect the Orders. *See* CMS.gov, Most Favored Nation Model, https://innovation.cms.gov/innovation-models/most-favored-nation-model. Under the Northern District of California preliminary injunction, the MFN Rule will remain enjoined and not in effect unless Defendants receive further direction from the court.

The preliminary injunction entered in the California case obviates the need for a preliminary injunction in this case. A showing of irreparable harm is necessary to obtain preliminary injunctive relief. *See Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 979 F.3d 219, 226 (4th Cir. 2020). In light of the decision in the California case, Plaintiffs cannot make that showing. The California court enjoined Defendants from "implementing the rule pending completion of [notice and comment] procedures." Because Plaintiffs cannot show irreparable harm absent injunctive relief from this Court, the Court should at the very least stay consideration of its motion for a preliminary injunction. *See, e.g., Pars Equality Center v. Trump*, No. 17-cv-0255-TSC (D.D.C. March 2, 2018), ECF No. 143 (staying request for preliminary relief because another nationwide injunction "calls into question whether the harm Plaintiffs allege are actually imminent or certain—a prerequisite for a preliminary injunction"); *Hawai'i v. Trump*, 233 F. Supp. 3d 850, 853 (D. Haw. 2017) ("[T]he Western District of Washington's nationwide injunction already provides the State with the comprehensive relief it seeks in this lawsuit. As such, the State will not suffer irreparable damage.").

The Solicitor General has not determined whether to appeal or seek a stay pending appeal of the California Order. And, contrary to Plaintiffs' suggestion, such decisions are not routinely made within 24 hours of the issuance of an order. Though Plaintiffs may argue they could suffer

irreparable harm in the future, if any appeal by the government results in the preliminary injunction being vacated or narrowed, an injury that is expressly contingent on a future event is, by definition, not an imminent, irreparable injury. *See Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802, 912 (4th Cir. 1991) ("The required irreparable harm must be neither remote nor speculative, but actual and imminent.").

Accordingly, unless and until the California injunction is stayed or vacated, the Court should stay consideration of Plaintiffs' preliminary injunction motion. Should the government seek and obtain a stay of the California Order, Plaintiffs could move this Court to lift the stay, at which point the Court—having already received briefing—would be in a position to rule promptly. Until that happens, however, Plaintiffs will not suffer irreparable harm absent an injunction from this Court, and there is accordingly no basis for the Court to resolve Plaintiffs' motion for a preliminary injunction at this time. If, notwithstanding the preliminary injunction already in place, the Court is inclined to rule on the Plaintiffs' motion for preliminary injunction in this case, the government does not believe any additional briefing is necessary.

DATED:  December 29, 2020

Michele Sartori (Bar No. 26829)
E. Elizabeth Halpern***
Susan M. Cook***
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-5600
michele.sartori@hoganlovells.com
elizabeth.halpern@hoganlovells.com
susan.cook@hoganlovells.com

*Counsel for Plaintiff Association of Community Cancer Centers*


Andrew Zimmitti (Bar No. 18539)
Michael Kolber*
Adam Finkelstein***
MANATT, PHELPS & PHILLIPS LLP
1050 Connecticut Avenue, NW, Suite 600
Washington, DC 20036
(202) 585-6505
azimmitti@manatt.com
mkolber@manatt.com

*Counsel for Plaintiff Global Colon Cancer Association*

Respectfully submitted,

*/s/ John P. Elwood*
John P. Elwood*
Jeffrey L. Handwerker***
R. Stanton Jones (Bar No. 20690)
Allon Kedem*
Diana Sterk*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942-5000
john.elwood@arnoldporter.com
jeffrey.handwerker@arnoldporter.com
stanton.jones@arnoldporter.com
allon.kedem@arnoldporter.com
diana.sterk@arnoldporter.com

*Counsel for Plaintiff Pharmaceutical Research and Manufacturers of America*


Timothy Cleveland*
Alethea Anne Swift*
CLEVELAND | TERRAZAS PLLC
303 Camp Craft Rd., Suite 325
Austin, TX 78746
(512) 689-8698
tcleveland@clevelandterrazas.com
aswift@clevelandterrazas.com

Benjamin H. Carney (Bar No. 27984)
GORDON, WOLF & CARNEY, CHTD.
100 W. Pennsylvania Avenue, Suite 100
Towson, MD 21204
(410) 825-2300
bcarney@gwcfirm.com

*Counsel for Plaintiff National Infusion Center Association*

*\* Pro hac vice*
*\*\* Pro hac vice* application forthcoming
\*\*\* Application for admission pending

DATED:  December 29, 2020                    Respectfully submitted,

*/s/ Rachael L. Westmoreland*
Rachael L. Westmoreland
Alexandra R. Saslaw
Lisa N. Newman
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
(202) 514-1280
rachael.westmoreland@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2020, I electronically filed the foregoing with the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. I also certify that I have received permission from counsel for Defendants to affix their electronic signatures to this pleading.

/s/ *John P. Elwood*
John P. Elwood
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C., 20001
(202) 942-5000
john.elwood@arnoldporter.com

*Counsel for Plaintiff Pharmaceutical Research and Manufacturers of America*